Argued May 22, affirmed June 23, reconsideration denied July 23, petition for review denied September 3, 1975

THE PORTLAND HILTON, *Petitioner, v.*
EMPLOYMENT DIVISION et al, *Respondents.*

536 P2d 1270

*Richard C. Hunt,* Portland, argued the cause for petitioner. With him on the brief were William F. Lubersky and Dezendorf, Spears, Lubersky & Campbell, Portland.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance by respondent French.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The only issue in this review of the Employment Appeals Board's decision is whether the claimant was discharged for misconduct in connection with his work. The misconduct charged was coming to work with the odor of alcohol on his breath, which was a violation of his employment rules. There was a conflict in the evidence as to whether there was an odor of alcohol on claimant's breath. Claimant denied he had been drinking at all, even the night before. His immediate supervisor detected no odor of alcohol, although she was within two and one-half feet of him. Claimant's manager testified that claimant had alcohol on his breath.

The administrator in his decision as well as the hearing referee in his decision and the Employment Appeals Board in its decision apparently considered as more credible the evidence favorable to claimant; they all concluded that claimant was discharged, but not for misconduct in connection with his work. The referee found that "* * * the employer was unable to show to the satisfaction of the referee that the claimant had, in fact, presented himself for work that day with the odor of alcohol on his breath. * * *" The Appeals Board said: "We agree with the decision of the referee in this matter. * * *"

We have reviewed the record. ORS 183.480(7)(d) provides:

"(7) The court * * * shall reverse or remand the order only if it finds:

"* * * * *

"(d) On review of a contested case, the order is not supported by reliable, probative and substantial evidence in the whole record * * *."

Some hearsay evidence was admitted at the hearing. It apparently was disregarded by the Board as its findings of fact appear not to be based in any way upon the hearsay evidence. We conclude that the Board did not disregard its rule concerning hearsay evidence.[1] There was substantial evidence apart from the disregarded hearsay to support the Board's findings.

Affirmed.

THORNTON, J., dissenting.

It is my view that we have no choice but to reverse and remand this proceeding.

The rules of the Employment Division provide as follows:

"In all matters considered by referee or Appeals Board where applicable:

"* * * * *

"(2) * * * Under no circumstances shall any irrelevant, immaterial or hearsay evidence received under this rule, or otherwise appearing in the record, be used as a basis for any finding of fact or decision.

"* * * * * ." Oregon Administrative Rules, ch 471, § 40-020.

The record shows that in making his decision the referee relied in part upon the hearsay testimony

---

[1]

"* * * * *

"(2) * * * Under no circumstances shall any irrelevant, immaterial or hearsay evidence received under this rule, or otherwise appearing in the record, be used as a basis for any finding of fact or decision.

"* * * * * ." Oregon Administrative Rules, ch 471, § 40-020.

of the claimant regarding a number of conversations he allegedly had with other employes concerning the absence of any odor of alcohol on his breath. This reliance by the referee on hearsay evidence was in direct violation of the above rule. Upon appeal the Employment Appeals Board affirmed the referee's decision without any mention of the hearsay evidence considered by the referee.

To affirm the decision of the Board as the majority opinion does on the ground that there was enough evidence to support the administrative decision without the inadmissible hearsay begs the question. The fact that the referee and/or the Board could have reached the same decision without relying upon the inadmissible hearsay is beside the point.